UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORRIE A. MIDDLETON,

Plaintiff,

v. CASE NO. 8:11-CV-303-T-17AEP

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

Defendant.

_______________________/

ORDER

This cause is before the Court on:

Dkt. 22 Report and Recommendation
Dkt. 23 Objections
Dkt. 24 Response

The assigned Magistrate Judge has entered a Report and Recommendation in which it is recommended that the decision of the Commissioner denying Plaintiff's claim for disability benefits and supplemental security income benefits be affirmed.

The Court has independently reviewed the pleadings and the record. Plaintiff has filed Objections to the Report and Recommendation. Defendant has responded to Plaintiff's Objections.

Plaintiff Corrie A. Middleton objects as follows:

1. The R & R errs in allowing the ALJ to avoid his responsibility to provide the required psychological review technique documentation;

2. The R & R errs in allowing the ALJ to discredit the medical opinion of the treating psychiatrist with insubstantial evidence;

3. The R & R errs in allowing the ALJ to discredit the medical opinion of the treating pulmonologist with insubstantial evidence;

4. The R & R errs in allowing the ALJ to disregard severe impairments and fails to properly consider these severe impairments in assessing the residual functional capacity;

5. The R & R errs in allowing the ALJ to discredit the medical opinion of a Licensed Clinical Psychologist, Dr. Teller, because he was employed by Claimant's attorney.

## I. Standard of Review

A district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. Sec. 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. The district court may accept, reject, or modify in whole or in part the report and recommendation of a magistrate judge, or may receive further evidence, or may recommit the matter to the magistrate judge with instructions.

## II. Discussion

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). In determining whether the Commissioner's decision is supported by substantial evidence,

the Court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the Court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

At step four of the sequential evaluation process, the ALJ found that the Claimant had the residual functional capacity to perform a reduced range of light work. The ALJ further found that Claimant has moderate limitations in concentration, persistence and pace, and moderate limitations in social functioning. The ALJ considered all symptoms, and the extent to which the symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence, and considered the opinion evidence.

In making his findings, the ALJ followed a two-step process, first determining the presence of an underlying medically determinable physical or mental impairment that could reasonably be expected to product the Claimant's pain or other symptoms, and then, if present, evaluating the intensity, persistence or functionally limiting effects of Claimant's symptoms to determine the extent to which they limit Claimant's ability to do basic work activities.

The ALJ found that Claimant has medically determinable impairments that could reasonably be expected to cause Claimant's alleged symptoms. The ALJ further found that Claimant's statements concerning the intensity, persistence and limiting effects of the alleged symptoms were not credible to the extent they are inconsistent with the RFC assessment. As to the opinion evidence, the ALJ determined that the record evidence did not support the alleged severity of Claimant's back pain and asthma. As to Claimant's mental impairments, the ALJ weighed the record evidence and concluded that Claimant has limitations but could perform some work of a light exertional level.

A. Psychiatric Review Technique Form

The ALJ's written decision must incorporate the pertinent findings and conclusions based on the Psychiatric Review Technique Form ("PRTF"), showing how the claimant's mental impairment impacts four functional areas: activities of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation. See 20 C.F.R. Sec. 404.1520a(a), 20 C.F.R. Sec. 416.920a(a). The ALJ acknowledged that Claimant has been treated for bipolar disorder and PTSD but also that those conditions responded well to treatment with medication. The ALJ weighed the conflicting evidence as to the limiting effects on Claimant's concentration, giving more weight to the opinions of Dr. Trimmer and Dr. Dubro, and less weight to the opinion of Dr. Gleason. The ALJ noted Dr. Gleason's opinion as to Claimant's social functioning, but found that other record evidence did not substantiate that opinion. The ALJ noted that Claimant has a history of mental problems which included episodes of decompensation, but the evidence showed that Claimant has responded well to treatment.

In considering whether Claimant was disabled due to back pain and asthma, the ALJ noted that the Claimant's activities of daily living included doing laundry, cooking meals, driving and shopping with her boyfriend, which did not substantiate the presence of disabling back pain. The ALJ further found that the record did not substantiate that Claimant's fatigue and other symptoms were severe enough to interfere with Claimant's attention and concentration on a frequent basis. The ALJ accorded little weight to the opinion of Dr. Chandarana, finding that his opinion was inconsistent with his own medical findings and the opinions of other consultative examiners. In evaluating the opinion of Dr. Teller, the ALJ accorded little weight to his findings because they were inconsistent with other medical evidence and the Claimant's activities of daily living. The ALJ accorded significant weight to the opinions of Dr. Dubro, Dr. Trimmer, Dr. Saad and Dr. Shyngle, as their opinions are consistent with

each other and the Claimant's activities of daily living.

After consideration, the Court finds that the ALJ's written decision incorporates the pertinent findings of the PRTF. Plaintiff's objection as to this issue is **overruled.**

B. Medical Opinion of Treating Psychiatrist

The opinion of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause has been found where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding, and where the doctors' opinions were conclusory or inconsistent with their own medical records. Id. The ALJ articulated his reasons for not according substantial weight to the opinion of Dr. Gleason.

Dr. Gleason's December 2006 assessment (Tr. 282-84) was given at a time when Plaintiff was pregnant and elected not to take her medication. In April, 2007 Plaintiff reported to Dr. Gleason that she had been doing well without medication, and her mood had been relatively stable (Tr. 211). The record shows that Plaintiff's symptoms increased while Plaintiff was pregnant and not taking her medication, but improved upon resuming her normal medication after her pregnancy. (Tr. 202, 206, 211-218, 283). In September, 2009, Plaintiff reported to Dr. Gleason that her mood had been stable, she had been less irritable, and she not been experiencing the mood swings that had troubled her for years.

In the Report and Recommendation, the assigned Magistrate Judge notes that, while the medical evidence shows Plaintiff has a history of mental problems, Dr. Gleason's opinion that Plaintiff's difficulties with her mood would prevent her from sustaining social functioning and work conflicts with his reports that Plaintiff is able to

control her symptoms with medication and now functions well without experiencing mood swings. Therefore, the ALJ correctly discounted Dr. Gleason's opinion, as it conflicted with Dr. Gleason's own findings.

The ALJ showed good cause to accord little weight to Dr. Gleason's opinion. After consideration, the Court **overrules** Plaintiff's objection as to this issue.

C. Medical Opinion of Treating Pulmonolgist

Dr. Chandarana, in the Pulmonary Impairment Questionnaire of December, 2007, opined that Plaintiff would experience fatigue and other symptoms severe enough to interfere with attention and concentration frequently, and Plaintiff's impairments would last at least twelve months.

The ALJ accorded little weight to the opinion of Dr. Chandarana, noting that the medical evidence showed that this condition is stable, and Dr. Chandarana also determined that Plaintiff could sit for eight hours per day and walk for two hours per day. The ALJ noted that, with proper medication, Plaintiff's asthma symptoms were controlled, and exacerbations occurred when Plaintiff was not taking her regular medication. After Plaintiff returned to her regular medication, Plaintiff's symptoms improved. The ALJ further noted that Plaintiff told Dr. Saad, an examiner, that her asthma was stable on an asthma inhaler, and denied hospital admissions or ER visits for shortness of breath.

The ALJ showed good cause to accord little weight to the opinion of Dr. Chandarana. After consideration, the Court **overrules** Plaintiff's objection as to this issue.

D. Severe Impairments and Residual Functional Capacity

A person who applies for disability benefits must prove his disability. See 20 C.F.R. Sec. 404.1512. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. Sec. 423(d)(1)(A). The Social Security Regulations outline a five step evaluation process for determining whether a claimant is disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

The Court notes that Plaintiff submitted a pre-hearing memorandum dated October 9, 2008 to the ALJ. (Dkt. 15, p. 96-98). In the memorandum, Plaintiff states:

> "A hearing date has been scheduled for October 14, 2008; however, the medical evidence at this time suggests that a finding for disability is appropriate for the claimant under Rule 201.00(h) of the Medical Vocational Guidelines; the claimant retains a less than sedentary residual capacity in light of the exertional and non-exertional limitations. In the [alternative], the claimant's condition is of the severity to meet, or at least medically equal Listing 12.04. The following is a summary of Ms. Middleton's relevant medical evidence in regards to her disabilities."

The Court notes that Plaintiff Middleton does not mention Listing 12.08.

The evaluation of mental disorders requires documentation of a medically determinable impairment, consideration of the degree of limitation that such an impairment may impose on the claimant's ability to work, and consideration of whether the claimant's limitations have lasted or are expected to last for a continuous period of twelve months. The criteria in paragraph A of the "Listing of Impairments" substantiate medically the presence of a particular mental disorder. The criterial in paragraphs B

and C of the "Listing of Impairments" describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity. The functional limitations in paragraphs B and C must be the result of the mental disorder described in the diagnostic description, that is manifested by the medical findings in paragraph A. 20 C.F.R. Part 404, Subpart P, Appendix 1, Introduction.

At step two of the sequential analysis, the ALJ determines whether the Claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." In this case, the ALJ found that Claimant has the severe impairments of affective disorder, and drug and alcohol abuse in sustained remission. The ALJ then proceeded to step three of the sequential analysis, determining whether the severe impairment or combination of impairments met or medically equaled one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that the record did not show that the Claimant's impairments were attended by any of the findings specified in Section 12.04 (Affective Disorders) and Section 12.09 (Substance Addiction Disorders) of the Listing of Impairments. At step four of the sequential analysis, the ALJ evaluated Plaintiff's residual functional capacity, despite the limitations from Plaintiff's severe impairments (back pain, asthma, bipolar disorder, post-traumatic stress disorder).

Plaintiff argues that expert physicians' opinions (Gleason and Chandarana) have more weight than those of the ALJ. The Court has determined that the ALJ showed good cause for according little weight to the opinions of Dr. Gleason and Dr. Chandarana.

Plaintiff further argues that Plaintiff also has the mental impairment of borderline personality, which was not addressed by the ALJ in his opinion, or the Magistrate Judge in the Report and Recommendation.

Dr. Gleason, Plaintiff's treating physician, diagnosed Plaintiff as having borderline personality traits in 2004. Dr. Gleason's "Axis I" diagnosis was bipolar disorder; Dr. Gleason's "Axis II" diagnosis was borderline personality traits. The records of Plaintiff's appointments with Dr. Gleason show that the appointments are primarily fifteen minute appointments for the purpose of medication management. The Court notes that Plaintiff has taken a variety of psychotropic medications on a continuous basis to alleviate Plaintiff's symptoms of bipolar disorder since 2004, and that Plaintiff's symptoms have responded to treatment with medication. The same medications are sometimes used to treat borderline personality disorder. The Court notes that Plaintiff has continued to take medications which have been shown to reduce the symptoms of borderline personality disorder, including Seroquel (anti-psychotic), Lamictal (mood stabilizer), and Carbatrol (mood stabilizer).

The Court notes that, at the hearing, when the ALJ inquired about Plaintiff's work history, and Plaintiff's interaction with other people at work, Plaintiff testified that when she was depressed, Plaintiff did not want to talk with people, and would call in to work, then sleep all day, sometimes for two or three days. (Dkt. 15-3, pp. 83-84). When the ALJ posed a hypothetical question about a full-time job to Plaintiff, Plaintiff responded that she could not do it, because, at some point, Plaintiff would become depressed, and would want to stay home. (Dkt. 15-3, p. 91). Plaintiff's testimony indicates that Plaintiff's symptoms of bipolar disorder have had more impact on Plaintiff's ability to work than Plaintiff's symptoms of borderline personality disorder.

Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination. Heatly v. Commissioner of Soc. Sec., 382 Fed. Appx. 823 (11th Cir. 2010). At step two, the ALJ found Plaintiff had severe impairments. The ALJ states "The medical evidence of record shows the claimant has a history of bipolar mood

disorder, post-traumatic stress disorder, personality disorder traits, chronic back pain and asthma." The ALJ then discusses Plaintiff's medical history in detail, spanning 2004 through 2008. The ALJ acknowledged Dr. Gleason's diagnosis of borderline personality disorder, and Dr. Teller's diagnostic impression, which included borderline personality disorder.

The significance of step three of the sequential analysis is that if the claimant's impairment of combination of impairments meets or medically equals a Listed Impairment, the claimant is automatically found to be disabled. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments, specifically Section 12:04 (Affective Disorders) or Section 12:09 (Substance Addiction Disorders). The ALJ identified the impairments that the ALJ found to be severe, and the ALJ was aware of Plaintiff's other impairments. Therefore, the ALJ proceeded to step four, in which the ALJ explicitly considered the entire record, including all symptoms, the opinion evidence, and other evidence. The ALJ determined that Plaintiff has the residual functional capacity to perform a reduced range of light work, and has moderate limitations in concentration, persistence and pace, and moderate limitations in social functioning. In other words, taking all of Plaintiff's impairments into account, Plaintiff could not return to her past relevant work, but could perform some work that was within the category of "light work."

To meet the requirements for Listing 12.08(A), a claimant must have "[d]eeply ingrained, maladaptive patterns of behavior associated with one of the following": (1) "Seclusiveness or autistic thinking"; (2) "Pathologically inappropriate suspiciousness or hostility"; (3) "Oddities of thought, perception, speech or behavior"; (4) "Persistent disturbances of mood or affect"; (5) "Pathological dependence, passivity or aggressivity"; or (6) "Intense and unstable interpersonal relationships and impulsive or damaging behavior." 20 C.F.R. Pt. 404, Subpart P, App. 1, Sec. 12:08(A).

The requirements for Listing 12.04(B) include: "B. Resulting in at least two of the following: (1) Marked restriction of activities of daily living; or (2) Marked difficulties in maintaining social functioning; or (3) Marked difficulties in maintaining concentration, persistence or pace; or (4) Repeated episodes of decompensation, each of extended duration." 20 C.F.R. Pt. 404, Subpart P, App. 1, Sec. 12:04(B). The requirements for Listing 12:08(B) are the same.

In this case, the ALJ found that Plaintiff did not meet the Listing requirements for Section 12:04 (Affective Disorders). There were conflicts in the medical evidence as to how Plaintiff's mental disorder affected Plaintiff's ability to function, including the impact of the disorder on Plaintiff's ability to maintain concentration, and the impact of the disorder on Plaintiff's ability to maintain social functioning. The ALJ found that there was nothing in the record which showed that Plaintiff suffered from substantial deficits in her ability to interact with others. Since the ALJ determined that Plaintiff did not meet the Listing requirements for Section 12:04 (Affective Disorders), Plaintiff also does not meet the Listing requirements for Section 12:08 (Personality Disorders).

An ALJ does not err by failing to specifically consider a listing if the record evidence shows that the claimant did not meet the criteria. Brock v. Chater, 84 F.3d 726, 729 (5th Cir. 1996) ("We will not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges." (citation and footnote omitted)). The Court finds that, if there was any error in the written decision of the ALJ due to the absence of a separate discussion of the diagnosis of "borderline personality disorder," it was a harmless error. At step four, the ALJ considered all of the record evidence. After consideration, the Court **overrules** Plaintiff's objection as to this issue.

Case No. 8:11-CV-303-T-17AEP

E. Medical Opinion of Examiner (Dr. Teller)

Plaintiff contends that the ALJ's decision must be reversed because the ALJ impermissibly discounted the opinion of Dr. Teller because Dr. Teller was "an examiner paid by the claimant to make determinations regarding her case." Mulholland v. Astrue, 2008 WL 687326 (N.D. Ga. March 11, 2008). Plaintiff argues that there is no way to measure how much the ALJ discounted the opinion by this impermissible reason.

The Court notes that the ALJ also discounted the opinion of Dr. Teller because Dr. Teller's findings were inconsistent with other medical evidence of record and the claimant's activities of daily living. In the absence of other evidence to undermine the credibility of a medical report, the purpose for which the medical report was obtained does not provide a legitimate basis to reject it. Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1988). In this case, other evidence is present.

Dr. Teller found that Plaintiff had marked limitations in persistence and pace, specifically in her ability to: 1) carry out detailed instructions; 2) maintain attention and concentration for extended periods; 3) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance; and 4) complete a normal work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Dr. Teller further found that Plaintiff's prognosis for significant improvement in her psychiatric symptoms was poor, in light of the chronic nature of Plaintiff's mental illness, and Plaintiff's frequent decompensations.

The Court notes that Dr. Teller is a one-time examiner, who evaluated Plaintiff in October, 2008. As to conflicts with other evidence, the ALJ and the assigned Magistrate Judge noted a conflict with the evaluations of Dr. Trimmer, which was performed in March, 2008, and Dr. Dubro, which was done in November, 2008. Dr.

Trimmer concluded that Plaintiff appeared capable understanding and following simple instructions and directions, could perform complex tasks independently, appeared capable of maintaining attention and concentration for tasks, could regularly attend to a routine and maintain a flexible schedule, and appeared capable of learning new tasks. Dr. Dubro found only mild functional limitations as to Plaintiff's ability to interact with the public, supervisors and co-workers, and in Plaintiff's ability to respond appropriately to usual work situations and to changes in a routine work setting

In the Report and Recommendation, the assigned Magistrate Judge relied on the findings of Dr. Trimmer, Dr. Dubro and Dr. Saad, as well as Plaintiff's activities of daily living to conclude that Plaintiff does not have the marked limitations of persistence and pace that Dr. Teller found. In the written decision, the ALJ accorded little weight to Dr. Teller's opinion because his findings were inconsistent with other medical evidence of record and the claimant's activities of daily living. Because the ALJ accorded little weight to Dr. Teller's opinion due to the conflict with other medical evidence and the claimant's activities of daily living, any error in discounting the opinion based on the reason for obtaining it was a harmless error. After consideration, the Court **overrules** Plaintiff's objection as to this issue.

The Court has overruled Plaintiff's Objections. The Court adopts and incorporates the Report and Recommendation. Accordingly, it is

**ORDERED** that Plaintiff's Objections are **overruled**. The Report and Recommendation is **adopted and incorporated**. The decision of the Commissioner of Social Security is **affirmed**. The Clerk of Court shall enter a final judgment in favor of Defendant Michael J. Astrue, Commissioner of the Social Security Administration, and against Plaintiff Corrie A. Middleton, and close this case

Case No. 8:11-CV-303-T-17AEP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 12th day of September, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record